**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION**

JAMES GIRLEY									PLAINTIFF
ADC #112981

v.					4:20-cv-01173-BRW-JJV

SHERI J. FLYNN									DEFENDANT

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Judge Billy Roy Wilson. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. Your objections must be received in the office of the United States District Court Clerk no later than fourteen days from the date of the findings and recommendations. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

Mail your objections to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

**DISPOSITION**

**I.	INTRODUCTION**

James Girley ("Plaintiff"), incarcerated at the Delta Regional Unit of the Arkansas Department of Corrections, filed this action *pro se* pursuant to 42 U.S.C. § 1983. (Doc. No. 2.) Plaintiff sued Arkansas Department of Corrections Sex Offender Community Notification

Assessment ("SOCNA")[1] Administrator Sheri Flynn in her personal and official capacities. (*Id*. at 1-2.) Plaintiff is a level 3 sex offender. (*Id*. at 8.) His sex offender notification level was last assessed in 2014. (*Id*. at 4, 8.) According to Plaintiff, he became eligible for reassessment in 2019, five years after his last assessment. (*Id*. at 4.) Communication from Sex Offender Community Notification Assessment confirms Plaintiff was eligible for reassessment. (*Id*. at 8-10.) Plaintiff sent multiple letters asking for reassessment, but now, approximately eighteen months later, he has yet to be reassessed. (Doc. No. 2 at 5, 8-10.) Plaintiff seeks damages and injunctive relief. (*Id*. at 6.) As to injunctive relief, Plaintiff asks this Court to "obtain a court order to reassess the petitioner within a reasonable amount of time . . . ." (*Id*.)

## II.   SCREENING

The PLRA requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The factual allegations must be weighted in favor of Plaintiff. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). "In other words,

---

[1] SOCNA is a division of the Arkansas Department of Corrections. *See Sex Offender Assessment v. Cochran*, 2019 Ark. App. 396 (2019). *See also Sex Offender Assessment Committee Guidelines and Procedures 2014* at 4. ("SOCNA is a unit within the ADC.") Available at: https://adc.arkansas.gov/images/uploads/SexOffendersGuidelines2014.pdf

the § 1915(d) frivolousness determination, frequently made *sua sponte* before the defendant has even been asked to file an answer, cannot serve as a factfinding process for the resolution of disputed facts." *Id.* But whether a plaintiff is represented by counsel or is appearing *pro se*, his complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

### III.    PLAINTIFF'S COMPLAINT

Plaintiff's Complaint fails to state a claim for the reasons set out below.

#### A.    Official Capacity Claims

Plaintiff sued Defendant Flynn in her personal and official capacities. Plaintiff's § 1983 claims against Defendant Flynn in her official capacity are the equivalent of claims against the State of Arkansas. Her official capacity damages claims are barred by Eleventh Amendment. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989). Plaintiff made claims for prospective injunctive relief. The Eleventh Amendment does not bar those claims. *McDaniel v. Precythe*, 897 F.3d 946, 951-52 (8th Cir. 2018) (*Ex Parte Young* established state officials may be sued in official capacity for prospective injunctive relief) (*citing Verizon Md. Inc. v. Pub. Serv. Comm'n of Md.*, 535 U.S. 635, 645 (2002)). Nonetheless, Plaintiff's official capacity claims fail. "To establish liability in an official-capacity suit under section 1983, a plaintiff must show either that the official named in the suit took an action pursuant to an unconstitutional governmental policy or custom . . . or that he or she possessed final authority over the subject matter at issue and used that authority in an unconstitutional manner. *Nix v. Norman*, 879 F.2d 429, 433 (8th Cir. 1989) (internal citations omitted). Plaintiff has not asserted that a policy, practice, or custom was the driving force behind the alleged violations of his rights. Further, he has not claimed Defendant

Flynn had final authority of the subject matter at issue. Accordingly, Plaintiff failed to state an official capacity claim against Defendant Flynn.

### B. Personal Capacity Claims

Plaintiff alleges due process and equal protection violations. (Doc. No. 2 at 12, 16.) He brought suit under 42 U.S.C. § 1983. To state a claim for relief under § 1983, the complaint must allege that a person acting under the color of state law deprived the plaintiff of a constitutional or federally-protected statutory right. *American Mfrs. Mut. Ins. Co. v. Sullivan,* 526 U.S. 40, 49-50 (1999). "Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990). "Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Parrish v. Ball*, 594 F.3d 993, 1001 (8th Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). Factual allegations must be sufficient to "raise a right to relief above the speculative level . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

### 1. Due Process Claims

Plaintiff asserts he is entitled to have his sex offender level reassessed after five years. He explains "Arkansas administrative code states guideline & procedure implementing assessments and community notifications regarding offenders reassessment may be requested at any time by the court . . . law enforcement, or every 5 years by the offender." (Doc. No. 2 at 5.) It appears Plaintiff is referring to Ark. Code. Ann. § 12-12-917, which provides, in relevant part:

> (1) (A) A sex offender or sexually dangerous person may request the committee to reassess the assigned risk level of the sex offender or sexually dangerous person after five (5) years have elapsed since initial risk assessment by the committee and may renew that request one (1) time every five (5) years.

Ark. Code Ann. § 12-12-917(h)(1)(A).

The protections of the due process clause come into play when a protected liberty interest is at issue. *Sandin v. Conner*, 515 U.S. 472, 484 (1995); *Phillips v. Norris*, 320 F.3d 844, 846-47 (8th Cir. 2003). A liberty interest may arise from the due process clause of the Fourteenth Amendment or it may be created by state law. *See Ky. Dep't of Corr. v. Thompson*, 490 U.S. 454, 460-61 (1989). "'The simple fact that state law prescribes certain procedures does not mean that the procedures thereby acquire a federal constitutional dimension.'" *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993) (internal citations omitted). A "state statute or regulation [that] uses mandatory language and imposes substantive limits on the discretion of state officials" may create a protected liberty interest. *Snodgress v. Robinson*, 512 F.3d 999, 1003 (8th Cir. 2008).

I note initially the Court of Appeals for the Eighth Circuit has found the Arkansas Sex Offender Registration Act (the "Act"), Ark. Code Ann. §§ 12-12-901 *et seq*., constitutional. *See Weems v. Little Rock Police Dept.,* 453 F.3d 1010 (8th Cir. 2006), *cert. denied* 550 U.S. 917 (2007) (holding the Arkansas Sex Offender Registration Act does not violate the *ex post facto,* intrastate travel, equal protection, substantive due process, or procedural due process clauses).

For Plaintiff to have a due process claim regarding the 5-year reassessment set out in Ark. Code Ann. § 12-12-917(h)(1)(A), he must first establish a liberty interest. Plaintiff does not allege any deprivation in connection with the conviction that resulted in his classification as a sex offender or the initial determination that he is a sex offender, and he does not challenge that he was placed a level 3. (Even if he had, it appears those claims would be time barred.) Plaintiff does not explain clearly any deprivation caused by the delay in his reassessment. Nothing in the Act assures that reassessment will be completed within a certain time frame. Nothing in the Act mandates that Plaintiff's risk/notification level will be decreased upon reassessment. Presumably, reassessment may result in a reduced notification level. But that is only a possibility. *See*

*Buckley*, 997 F.2d at 495; *Snodgress*, 512 F.3d at 1003.  Moreover, correspondence from SOCNA reflects that staff will begin the reassessment process and Plaintiff's reassessment will be performed as quickly as possible.  (Doc. No. 2 at 8-10.)  Plaintiff's request for reassessment has been granted; the process just is not yet complete—apparently in part due to Covid-19.  (*See Id*. at 19.)

> In a grievance attached to Plaintiff's Complaint, he wrote
>
> [the] Supreme Court has found due process violations by actions that make prisoners ineligible for parole have been held to deprive them of Liberty Interest, actions that may, or may not, have some effect on discretionary parole Release have "attenuated" a relationship with the length of incarceration to constitute deprivation of Liberty Invoking Due Process Protections.

(*Id*. at 15.)  It appears, then, that Plaintiff seeks reassessment because his current risk level is an obstacle to parole.  A prisoner, though, has no federal liberty interest in the possibility of parole. *Persechini v. Callaway*, 651 F.3d 802, 808 (8th Cir. 2011) (citing *Sandin*, 515 U.S. at 480, among others).  A state may, through its parole-related statutes and regulations, create a liberty interest protected by the Fourteenth Amendment.  *Board of Pardons v. Allen*, 482 U.S. 369, 373-81 (1987).  Arkansas statutes, however, create only the possibility of parole, and do not establish any right that would trigger due process protection. *Pittmman v. Gaines*, 905 F.2d 199, 201 (8th Cir. 1990); *Hamilton v. Brownlee*, 237 F. Appx. 114, 115 (8th Cir. 2007).  Thus, even if Plaintiff's notification level prevented him from being paroled, he still has not stated a due process claim on which relief may be granted.

Based on all considerations above, I find Plaintiff failed to establish a liberty interest. Without a liberty interest, his due process allegations fail to state a claim on which relief may be granted.

### 2.     Equal Protection Claims

An equal protection claim turns on similarly-situated individuals being treated differently with no rational basis for the difference in treatment. *See City of Cleburne v. Cleburne Living Ctr., Inc.*, 473 U.S. 432, 439 (1985); *Mathers v. Wright*, 636 F.3d 396, 399 (8th Cir. 2011). Plaintiff asserts that SOCNA has assessed other inmates at the Delta Regional Unit after he requested his reassessment. Plaintiff has not asserted SOCNA *reassessed* other inmates at the facility. Plaintiff has not alleged that he is being treated differently than similarly-situated prisoners seeking reassessment.

### 3.     Statutory Immunity

Plaintiff's Complaint fails to state a claim for the reasons set out above. Additionally, the Act also provides that "[p]ublic officials, public employees, and public agencies are immune from civil liability for good faith conduct under this subchapter." Ark. Code Ann. § 12-12-920. Other courts considering similar statutes have dismissed the plaintiff's claims. *See, for example, Massenburg v. Richardson*, case no. 3:09-cv-136 RM, 2010 WL 3999932, at *3 (N.D. Ind. Oct. 12, 2010); *Gardner v. City of Houston*, case no. H-12-1612, 2013 WL 4042022, at *7 (S.D. Tex. Aug. 6, 2013).

Plaintiff's claims for damages against Defendant Flynn in her personal capacity are barred by Ark. Code Ann. § 12-12-920. Remaining is Plaintiff's request for injunctive relief. That remedy is available against Defendant Flynn only in her official capacity. *See Chambers v. Cruz*, case no. 4:19-cv-3047, 2020 WL 3971606, at *5 (D. Neb. July 14, 2020) (and cases cited therein). As explained above, Plaintiff failed to state a claim against Defendant Flynn in her official capacity. Accordingly, Plaintiff's requested injunctive relief is unavailable. For this reason, too, Plaintiff failed to state a claim on which relief may be granted.

IT IS, THEREFORE, RECOMMENDED that:

1. Plaintiff's Complaint (Doc. No. 2) be DISMISSED without prejudice for failure to state a claim upon which relief may be granted.

2. Dismissal of this action count as a "strike" for purposes of 28 U.S.C. § 1915(g).[2]

3. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting these recommendations and the accompanying Judgment would not be taken in good faith.

DATED this 6th day of October 2020.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE

---

[2] Title 28 U.S.C. § 1915(g) provides as follows: "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."